# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT FRAZIER,<br><br>    Defendant.<br>_____/ | Case No. 1:20-cv-00408-SKO<br><br>**ORDER RE SUPPLEMENTAL BRIEFING DIRECTED TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(Doc. 23) |

On May 21, 2021, Defendant Scott Frazier filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 23.) Plaintiff Tri-Dam filed an opposition brief on June 9, 2021. (Doc. 28.) Defendant filed his reply on June 16, 2021. (Doc. 29.) After reviewing the parties' papers, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for June 23, 2021. (Doc. 30.)

Plaintiff's complaint alleges that this Court has subject matter jurisdiction over the action pursuant to three statutes: (1) 28 U.S.C. § 1331, under which jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States"; (2) 28 U.S.C. § 1337, under which jurisdiction exists for "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies"; and (3) 16 U.S.C. § 825p, under which district courts have exclusive jurisdiction over actions "brought to enforce any liability or duty created by, or to enjoin any violation of" the Federal Power Act or any rule, regulation, or order thereunder. (Compl. at ¶ 1.)

"[T]he plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Although Plaintiff's complaint identifies 28 U.S.C. § 1337, 28 U.S.C. § 1331, and 16 U.S.C. § 825p as bases for this Court's jurisdiction over the action, Plaintiff's opposition to the motion to dismiss does not specifically explain **how** each of the aforementioned statutes confers jurisdiction.

Accordingly, the Court ORDERS that Plaintiff submit supplemental briefing, <u>identifying specific legal authority supporting its position</u>, on the following issues:

1. Regarding Plaintiff's assertion that jurisdiction exists under 28 U.S.C. § 1331, Plaintiff shall explain <u>how</u> the present case presents a federal question. The Court notes that the "vast majority" of cases arising under federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Cases may also arise under federal law when "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* at 808 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)). "[F]ederal jurisdiction over a state-law claim will lie if a federal issue is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). "<u>All four requirements must be met for federal jurisdiction to be proper</u>." *Id.* at 904–05 (emphasis added);

2. The applicability of the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016), to this case. In *Merrill Lynch*, the Supreme Court construed the exclusive jurisdiction provision set forth in Section 27 of the Securities Exchange Act ("Exchange Act"), 15 U.S.C. § 78aa(a),[1] which has

---

[1] 15 U.S.C. § 78aa(a) provides, in part: "The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder."

2

"[m]uch the same wording" as 16 U.S.C. § 825p, at issue in the instant case. *Id.* at 1566, 1568 n.3. The Supreme Court interpreted the "brought to enforce" language in the exclusive jurisdiction provision of Section 27 and held that the jurisdictional test established by Section 27 is the "same as the one used to decide if a case 'arises under' a federal law" under 28 U.S.C. § 1331. *Id.* at 1566. In other words, "Section 27 provides exclusive federal jurisdiction of the same class of cases as 'arise under' the Exchange Act for purposes of § 1331." *Id.* at 1575; and

3. Regarding Plaintiff's assertion that jurisdiction exists under 28 U.S.C. § 1337, Plaintiff shall explain:

   a. Why the Federal Power Act, 16 U.S.C. § 791 *et seq.*, constitutes an "Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," pursuant to 28 U.S.C. § 1337; and

   b. How this action "arises under" the Federal Power Act, considering that "the 'arising under' language in section 1337 is interpreted in essentially the same way as the 'arising under' phrase in [28 U.S.C. § 1331]." *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984) (quoting *Garrett v. Time-D.C., Inc.*, 502 F.2d 627, 629 (9th Cir. 1974)).

Plaintiff shall submit its supplemental briefing, not exceeding 10 pages, **by no later than July 20, 2021**. Any response by Defendant, not exceeding 10 pages, shall be submitted **by no later than July 27, 2021**. An optional reply brief by Plaintiff, not exceeding 5 pages, may be submitted **by no later than August 2, 2021**.

IT IS SO ORDERED.

Dated: **July 14, 2021**    /s/ *Sheila K. Oberto*
                           UNITED STATES MAGISTRATE JUDGE