# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM,<br><br>            Plaintiff,<br><br>   v.<br><br>SCOTT FRAZIER,<br><br>            Defendant.<br>_____/ | Case No. 1:20-cv-00408-SKO<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO DISMISS REMAINING CLAIMS AND DENYING DEFENDANT'S REQUEST TO DEFER ENTRY OF JUDGMENT<br><br>(Docs. 57, 58, 59) |

## I.   INTRODUCTION

Plaintiff Tri-Dam ("Plaintiff") filed this action against Defendant Scott Frazier ("Defendant"), alleging causes of action for violation of the Federal Power Act ("FPA"), 16 U.S.C. § 825p, public nuisance, private nuisance, trespass, and interference with express easement. (Doc. 1.) On October 20, 2021, Plaintiff filed a motion for partial summary judgment on its public and private nuisance claims, and Defendant filed a motion for summary judgment or, alternatively, partial summary judgment or judgment on the pleadings, on all of Plaintiff's claims. (Docs. 38, 45.) On January 28, 2022, the Court granted Plaintiff's motion for partial summary judgment on the public nuisance claim and entered a permanent injunction prohibiting Defendant from maintaining his slip dock, personal watercraft ports, and waterslide ("Contested Facilities") on Tulloch Reservoir

1

without a permit from Plaintiff.[1]  (Doc. 55 at 33–34.)  As the Court's ruling on the parties' cross-motions for summary judgment did not resolve the private nuisance and interference with express easement claims, which essentially seek the same relief as the public nuisance claim on which the Court granted summary judgment, the Court directed the parties file either a notice of settlement, stipulation for dismissal of the action or any remaining claims, or a joint pretrial statement, should they wish to proceed with the matter, by no later than February 2, 2022.

On February 2, 2022, Plaintiff filed a request to dismiss, without prejudice, its remaining claims, pursuant to Federal Rule of Civil Procedure 41(a)(2), and a proposed judgment.  (Docs. 57, 58.)  On that same date, Defendant filed a request to defer entry of judgment, or alternatively, to enter judgment as proposed by Defendant.  (Doc. 59.)  On February 3, 2022, Plaintiff filed a response opposing Defendant's request.  (Doc. 60.)  For the reasons set forth below, Plaintiff's request to dismiss its remaining claims will be granted, Defendant's request to defer entry of judgment will be denied, and the Court will enter judgment in accordance with its ruling on the parties' cross-motions for summary judgment.

## II.   DISCUSSION

### A.   Plaintiff's Request to Dismiss Remaining Claims Without Prejudice

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part that where a defendant has served an answer or motion for summary judgment, or does not stipulate to a dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  *Id.*  "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, [citation], or unfairly affected by dismissal.  [Citations.]"  *Stevedoring Services of America v. Armilla International B. V.*, 889 F.2d 919, 921 (9th Cir. 1989).

The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court and may be reviewed only for abuse of that discretion."  *Phillips v.*

---

[1] The Court granted Defendant's motion for judgment on the pleadings on Plaintiff's first cause of action for violation of the Federal Power Act, Federal Energy Regulatory Commission regulations, and the Shoreline Management Plan, and on Plaintiff's fourth cause of action for trespass.  (Doc. 55 at 33.)

*Illinois Central Gulf Railroad,* 874 F.2d 984, 986 (9th Cir. 1989). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Id.* "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

Here, Defendant does not assert that voluntary dismissal will result in legal prejudice. Indeed, Defendant's proposed judgment expressly states that "the parties agreed that the remaining claims should be dismissed." (Doc. 59-1 at 1). Therefore, voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure will not result in "prejudice to some legal interest, some legal claim, some legal argument." *See Westlands Water Dist.*, 100 F.3d at 96. Accordingly, Plaintiff's request to dismiss, without prejudice, its remaining claims for private nuisance and interference with express easement will be granted.

### B.     Defendant's Request to Defer Entry of Judgment

Defendant requests that the Court delay the entry of judgment to February 15, 2022–the date by which he intends to file a motion to amend the Court's order on the parties' cross-motion for summary judgment (the "Order") (Doc. 55) pursuant to Rules 52, 59, and 60 of the Federal Rules of Civil Procedure. (Doc. 59 at 1-3.) It is unclear, however, why entry of judgment would need to be deferred for Defendant to file such a motion. In fact, the Order constitutes an interlocutory order, *see Williamson v. UNUM Life Ins. Co. of America*, 160 F.3d 1247, 1250 (9th Cir. 1998) (noting that, barring special circumstances, orders granting partial summary judgment are not appealable final orders), and a motion to reconsider or amend pursuant to Rules 59 and 60 would not be appropriate until final judgment has been entered.[2] *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th

---

[2] A motion to reconsider or amend an order granting partial summary judgment is more appropriately considered under Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Frontier Fed. Sav. & Loan v. United States*, No. C–89–251–AAM, 1992 WL 155444, at *1 (E.D. Wash. Apr. 6, 1992) ("[T]he analytical starting point for the reconsideration (or possible reconsideration) of an order granting or denying a motion for summary judgment (or partial summary judgment) is Fed. R. Civ. P. 54(b)."). In any event, the standards of review for motions under Rules 54 and 59 are the same. *See Lal v. Felker*, No. 2:07–CV–2060–KJM–EFB, 2014 WL 3362353 (E.D. Cal. July 8, 2014) ("Courts rely on Rule 59 cases when discussing the standard for Rule 54 motions.")

Cir. 2000) ("Rule 60(b) . . . applies only to motions attacking final, appealable orders."); *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958) (Rule 60(b) "applies only to judgments, orders, or proceedings which are 'final.'"); Fed. R. Civ. P. 59(e) (allowing motions "to alter or amend a judgment"). Defendant's request to defer entry of judgment will therefore be denied.[3]

### C.     The Parties' Proposed Judgments

The parties have submitted competing proposed judgments for the Court's consideration. (Docs. 58, 59.) In granting partial summary judgment on Plaintiff's public nuisance claim and issuing an abatement injunction, the Court ordered:

> Within thirty (30) days of this order, Defendant shall apply for encroachment permits from Plaintiff for each of the Contested Facilities. Each of the Contested Facilities may be maintained on the Tulloch Reservoir only if Plaintiff approves the relevant permit application. Otherwise, the Contested Facilities must be removed by no later than the later of: (1) 15 days after the date of denial of Defendant's permit application(s), or (2) if no application(s) are submitted within 21 days, 30 days after issuance of this order.

(Doc. 55 at 33–34.) Plaintiff's proposed judgment is materially consistent with the Court's Order. (*See* Doc. 58.) Defendant's proposed judgment, however, seeks to modify the time-frame for removal of the Contested Facilities and includes language allowing Defendant to challenge any denial of his permit applications by Plaintiff in this Court. (*See* Doc. 59-1.)

The Court observes that Defendant's proposed judgment is, in essence, a motion to amend the Order, but such a motion has not been properly brought before the Court. *See* E.D. Cal. L.R. 230. Accordingly, Defendant's request for the Court to incorporate his proposed changes in the judgment entered will be denied without prejudice, and the Court will enter judgment in accordance with the prior ruling in the Order. Defendant has indicated that he intends to file a motion to amend the judgment pursuant to Rules 59 and 60. In that motion, he may reassert his contentions as to why the injunction previously granted should be modified.[4] *See, e.g*, *GCIU-Emp. Ret. Fund v.*

---

[3] Pursuant to Rule 59(e), Defendant will have 28 days from the date of entry of judgment to move the Court to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e).

[4] Should Defendant move to amend the judgment to incorporate the language in his proposed judgment, the motion should address, <u>identifying specific legal authority</u>, (1) why, in the event Plaintiff denies Defendant's permit application(s), Defendant should be permitted to directly file a motion with this Court seeking review of the denials, rather than filing a new case, considering that all claims in this case will have been resolved and the matter closed, and that the adjudication of any denial will involve the consideration of an entirely new set of facts; and (2) the basis for a federal court's authority and jurisdiction to review any such denial, given that Defendant has acknowledged that he has an adequate remedy in state law via petition for writ of mandate (*see* Doc. 59 at 2).

4

*Quad/Graphics, Inc.*, No. 2:16–CV–03391–ODW (AFMx), 2017 WL 3251389, at *2 (C.D. Cal. July 31, 2017) (where one party requested a provision regarding prejudgment and postjudgment interest in its proposed judgment, the district court "entered judgment without any interest and instructed the [party] to move to amend the judgment under Rule 59(e) if it believed it was entitled to such.").

### III.    CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED as follows:

1. Plaintiff's request to dismiss, without prejudice, its remaining claims for private nuisance and interference with express easement (Doc. 57) is GRANTED;
2. Defendant's request to defer entry of judgment (Doc. 59) is DENIED; and
3. Judgment will be entered by separate order.

IT IS SO ORDERED.

Dated:    **February 8, 2022**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE