# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM, | Case No. 1:20-cv-00408-SKO |
| Plaintiff, | JUDGEMENT |
| v. | |
| SCOTT FRAZIER, | |
| Defendant. | |
| _____/ | |

    On January 18, 2022, this Court granted Plaintiff Tri-Dam's Motion for Partial Summary Judgment (Doc. 38) on Plaintiff's public nuisance claim and entered a permanent injunction prohibiting Defendant Scott Frazier from maintaining his slip dock, personal watercraft ports, and waterslide ("Contested Facilities") on Tulloch Reservoir without a permit from Plaintiff. (Doc. 55.) That ruling did not resolve Plaintiff's claims for private nuisance and interference with express easement, which essentially seek the same relief as the public nuisance claim on which the Court granted summary judgment. Subsequently, Plaintiff requested that the Court dismiss the remaining claims and enter judgment pursuant to the Court's ruling on the Motion for Partial Summary Judgment. (Docs. 57, 58.) Plaintiff's request to dismiss the remaining claims was granted, and the Court now enters final judgment on Tri-Dam's Complaint as follows:

    IT IS ORDERED, ADJUDGED AND DECREED that the Contested Facilities currently constitute public nuisances because they are unpermitted. Defendant will be afforded the

1  opportunity to apply for encroachment permits from Plaintiff by submitting applications for each of
2  the Contested Facilities on or before February 17, 2022.  The Contested Facilities may be maintained
3  only if Plaintiff approves the permit applications.  Otherwise, the Contested Facilities must be
4  removed from Tulloch Reservoir by: (1) 15 days after the date of denial of Defendant's permit
5  application(s), or (2) March 4, 2022, if no application is submitted by February 17, 2022.

6  Plaintiff is the prevailing party in this matter.  Defendant reserves his rights to appeal.

7  The Clerk of the Court is directed to enter this Judgment pursuant to Rules 54 and 58 of the
8  Federal Rules of Civil Procedure.

9  The Court will retain jurisdiction to enforce the terms of the permanent injunction entered
10 in this case, set forth above.

11 If Defendant fails to remove any unpermitted facilities by the time frame set forth above,
12 then Plaintiff is authorized, pursuant to Rule 70(a) of the Federal Rules of Civil Procedure, to
13 remove the facility at Defendant's expense.

IT IS SO ORDERED.

Dated:   **February 8, 2022**                        /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE