# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT FRAZIER,<br><br>        Defendant.<br>_____/ | Case No. 1:20-cv-00408-SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO CLARIFY OR AMEND JUDGMENT AND ORDER AND FOR A STAY OF PART OF THE JUDGMENT<br><br>(Doc. 64) |

Before the Court is Defendant Scott Frazier ("Defendant")'s Motion to Clarify or Amend Judgment and Order and for Stay of Part of the Judgment (the "Motion"). (Doc. 64.) For the reasons provided herein, the Court will grant in part and deny in part the Motion.[1]

## I.     PROCEDURAL BACKGROUND[2]

Plaintiff Tri-Dam ("Plaintiff") filed this action against Defendant, alleging causes of action for violation of the Federal Power Act ("FPA"), 16 U.S.C. § 825p, public nuisance, private nuisance, trespass, and interference with express easement. (Doc. 1.) On October 20, 2021, the parties filed cross motions for summary judgment. Plaintiff filed a motion for partial summary judgment on its public and private nuisance claims, and Defendant filed a motion for summary judgment or, alternatively, partial summary judgment or judgment on the pleadings, on all of Plaintiff's claims.

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge for all purposes. (Docs. 9, 10.)
[2] The Court previously provided extensive discussion regarding the factual background for this case. (*See* Doc. 55.)

1

(Docs. 38, 45.) On January 28, 2022, the Court granted Plaintiff's motion for partial summary judgment on the public nuisance claim and entered a permanent injunction prohibiting Defendant from maintaining his slip dock, personal watercraft ports, and waterslide ("Contested Facilities") on Tulloch Reservoir without a permit from Plaintiff.[3] (Doc. 55 at 33–34.)

On February 2, 2022, Plaintiff filed a request to dismiss, without prejudice, its remaining claims, pursuant to Federal Rule of Civil Procedure 41(a)(2), and a proposed judgment. (Docs. 57, 58.) On that same date, Defendant filed a request to defer entry of judgment, or alternatively, to enter judgment as proposed by Defendant. (Doc. 59.) On February 9, 2022, the Court granted Plaintiff's request to dismiss its remaining claims and denied Defendant's request to defer entry of judgment. (Doc. 62.) Judgment was subsequently entered, in relevant part as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that the Contested Facilities currently constitute public nuisances because they are unpermitted. Defendant will be afforded the opportunity to apply for encroachment permits from Plaintiff by submitting applications for each of the Contested Facilities on or before February 17, 2022. The Contested Facilities may be maintained only if Plaintiff approves the permit applications. Otherwise, the Contested Facilities must be removed from Tulloch Reservoir by: (1) 15 days after the date of denial of Defendant's permit application(s), or (2) March 4, 2022, if no application is submitted by February 17, 2022.

(Doc. 63 at 1–2.)

On February 15, 2022, Defendant filed the instant Motion to clarify or amend the judgment pursuant to Rules 59 and 60. (Doc. 64.) Defendant requests that the portion of the judgment requiring the removal of the Contested Facilities be amended, such that removal shall not occur until "15 days after the date of denial of Defendant's permit application(s) unless Defendant challenges that denial in the California courts, in which case the 15 days runs from the finality of that process." (*Id.* at 6.) Defendant also requests that the portion of the judgment requiring him to remove the Contested Facilities after denial of his permit applications be stayed.

///

///

///

---

[3] The Court granted Defendant's motion for judgment on the pleadings on Plaintiff's first cause of action for violation of the Federal Power Act, Federal Energy Regulatory Commission regulations, and the Shoreline Management Plan, and on Plaintiff's fourth cause of action for trespass. (Doc. 55 at 33.)

## II.      DISCUSSION

### A.      Motion to Amend or Clarify the Judgment

Defendant moves to amend or clarify the judgment under Rules 59, 60(a), and 60(b).  For the reasons explained below, the Court will clarify the judgment under Rule 60(a).  Accordingly, the Court need not address Defendant's alternative theories under Rules 59 and 60(b).

Rule 60(a) provides in relevant part that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  This rule "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotation marks omitted).  In determining whether a mistake may be corrected, or a clarification made, under Rule 60(a), "our circuit focuses on what the court *originally intended* to do." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) (emphasis in original).  A court cannot "make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent because it perceives its original judgment to be incorrect.  The interpretation must instead reflect the contemporaneous intent of the district court as evidenced by the record.'" *Garamendi*, 683 F.3d at 1080 (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992)).

Although Defendant acknowledges that "[n]othing" in the Court's orders "suggest[s] that this Court was intentionally taking away [Defendant's] right to judicial review of an improper permit denial by [Plaintiff]," Defendant claims that the judgment, as entered, "requires him to remove the Contested [F]acilities 15 days after the date of denial of his [permit] application[s] [by Plaintiff], without anything about judicial review of any denial." (Doc. 64 at 5, 8.)  Defendant requests that the judgment be clarified regarding the timing of the removal of the Contested Facilities "so that he is not deprived of [his] right of judicial review," as 15 days "is plainly not enough time" to seek review in state court. (*Id.* at 5, 9.)  Defendant proposes that the judgment be modified such that the Contested Facilities would not need to be removed until "15 days after the date of denial of Defendant's permit application(s) unless Defendant challenges that denial in the California courts,

3

in which case the 15 days runs from the finality of that process." (*Id.* at 15.)

Plaintiff contends that this Court may not clarify the judgment under Rule 60(a) without leave from the Ninth Circuit Court of Appeal, given Defendant's appeal of this Court's order granting partial summary judgment and the actual judgment entered (*see* Docs. 65, 66). (Doc. 69 at 7.) Regardless, Plaintiff asserts that clarification is "unnecessary" because "[n]ot only is there no evidence that the Court was *intentionally* taking away [Defendant's] right to judicial review, there is also no evidence that the Court was *unintentionally* taking away said right or that there is any ambiguity on the issue." (*Id.* at 6–7 (emphasis in original).)

As an initial matter, the Court finds that Plaintiff's objection based on the absence of leave granted by the Ninth Circuit is without merit. Rule 60(a) provides, in relevant part, that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). Here, on February 17, 2022, two days after Defendant filed the instant Motion, he filed his notice of appeal of the Court's order granting partial summary judgment and the judgment entered. (Doc. 65.) On March 7, 2022, the Ninth Circuit issued an order relating to Defendant's notice of appeal, stating:

> [T]he notice of appeal was filed during the pendency of a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4). The notice of appeal is therefore ineffective until entry of the order disposing of the last such motion outstanding. *See* Fed. R. App. P. 4(a)(4). Accordingly, appellate proceedings other than mediation shall be held in abeyance pending the district court's resolution of the pending motion.

(Doc. 70.) As the Ninth Circuit has held the appeal in abeyance pending this Court's resolution of the Motion, the Court construes the Ninth Circuit's March 7, 2022 order as granting the requisite leave under Rule 60(a). *See, e.g.*, *Commodity Futures Trading Comm'n v. Saffron*, No. 219CV01697JADDJA, 2022 WL 1165699, at *1 n.4 (D. Nev. Mar. 16, 2022) (construing the Ninth Circuit's order holding the appeal in abeyance as granting leave to resolve the defendants' motion to alter or amend the judgment).

Turning next to the merits of Defendant's motion, the Court determines that the judgment should be clarified "to reflect the necessary implications of the original order[.]" *Garamendi*, 683 F.3d at 1079. The Court and the parties agree that Defendant is entitled to judicial review of any

4

denial of his permit application, and that the Court did not intend to deprive Defendant of such review in any of its orders, including the judgment entered. (*See* Doc. 64 at 5, 8; Doc. 69 at 6–8.) As Defendant first noted in his motion to defer entry of judgment (*see* Doc. 59 at 2), judicial review of any denial of his permit application(s) appears to be available via petition for writ of mandate pursuant to California Code of Civil Procedure § 1094.5 ("Section 1094.5"). Subdivision (g) of that section permits the court reviewing the writ petition to stay the operation of the challenged administrative order or decision pending the judgment of the court.[4] Cal. Code Civ. P. § 1094.5(g).

Thus, implicit in the Court's order is that the 15-day period for removal of the Contested Facilities applies only if Defendant does not challenge the denial of his permit application(s). In the event of a challenge, whether the removal should be stayed pending judicial review is to be determined by the reviewing state court as part of the writ proceedings. The language of the judgment requiring removal of the Contested Facilities by no later than 15 days after the denial of Defendant's permit applications was not intended to proscribe judicial review of any denial or to curtail or encroach upon the authority of the state court reviewing the denial.[5]

In clarifying the judgment, however, the Court declines to adopt the exact language proposed by Defendant—that the deadline for removal be set for "15 days after the date of denial of Defendant's permit application(s) unless Defendant challenges that denial in the California courts, in which case the 15 days runs from the finality of that process." (Doc. 64 at 6.) Defendant's

---

[4] No stay shall be imposed or continued, however, if the court is satisfied that it is against the public interest. Cal. Code Civ. P. § 1094.5(g).

[5] Defendant has suggested that he should be able to seek judicial review of any denial of his permit application(s) directly with this Court. (*See* Doc. 59.) The Court directed Defendant to address the legal bases for this contention, should it be reurged in a motion to amend. (*See* Doc. 62 at 4.) Having reviewed Defendant's briefing on the issue, the Court determines that any request for judicial review of the denial of Defendant's permit application(s) cannot be directly raised in the instant matter. First, all of the claims in this action have been resolved, and the case has been closed. Review of the denial of Defendant's permit application(s) would be independent of the issues in this case. Indeed, the parties' roles would be reversed, with Defendant seeking relief against Plaintiff. Furthermore, new discovery concerning Plaintiff's decision to deny Defendant's application(s) would be required. Accordingly, Defendant must file a separate lawsuit to seek review of the denial of his permit application(s). *Cf., e.g.*, *Golden Phoenix Mins., Inc. v. Pinnacle Mins., Inc.*, No. 315CV00521RCJWGC, 2016 WL 304315, at *3 (D. Nev. Jan. 25, 2016) ("Just as one who suffers a breach of a settlement agreement may not ask the court before which the original action was pending for a remedy but must usually file a separate action for breach of contract, Respondent here may not ask this Court to remedy an alleged post-judgment wrong not affecting the merits of the arbitration award but must bring a separate action for wrongful garnishment."). As it appears that Defendant may seek review of the denial of his permit application(s) under California law, *see* Cal. Code Civ. P. §§ 1085, 1094.5, and it is unclear whether this Court would have jurisdiction over such an action, it is advisable that any action for review of the denial of Defendant's permit application(s) be filed in the California courts.

5

proposed language would effectively stay the removal of the Contested Facilities until judicial review of the denial of his application(s) is complete.  But, as noted above, the decision whether to stay the 15-day deadline for removal of the Contested Facilities is within the purview of the reviewing state court.

Accordingly, the Court will clarify the judgment as follows (amendment in italics):

> IT IS ORDERED, ADJUDGED AND DECREED that the Contested Facilities currently constitute public nuisances because they are unpermitted.  Defendant will be afforded the opportunity to apply for encroachment permits from Plaintiff by submitting applications for each of the Contested Facilities on or before February 17, 2022.  The Contested Facilities may be maintained only if Plaintiff approves the permit applications.  Otherwise, the Contested Facilities must be removed from Tulloch Reservoir by: (1) 15 days after the date of denial of Defendant's permit application(s) *unless Defendant challenges that denial in the California courts, in which case the reviewing court shall determine whether the order requiring removal of the Contested Facilities by 15 days after the denial shall be stayed, should Defendant request a stay*, or (2) March 4, 2022, if no application is submitted by February 17, 2022.

### B. Motion to Stay

Defendant also moves to stay pending appeal the portion of the abatement injunction requiring removal of the Contested Facilities within 15 days of the denial of his permit application(s).  (Doc. 64 at 14–15; Doc. 71 at 10–13.)  Unless the Court orders otherwise, "an interlocutory or final judgment in an action for an injunction" is not stayed after being entered, even if an appeal is taken. Fed. R. Civ. P. 62(c)(1).  Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

A stay pending appeal overlaps with the function of an injunction—each prevents "some action before the legality of that action has been conclusively determined." *Nken v. Holder*, 556 U.S. 418, 428–29 (2009).  "A stay is an 'intrusion into the ordinary processes of administration and judicial review[.]'" *Id.* at 427 (quoting *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (C.A.D.C. 1958)) (per curium).  Accordingly, a stay pending resolution on appeal is committed to the discretion of the court; it "is not a matter of right, even if irreparable injury might otherwise

result to the appellant." *Id.* (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

"The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 434–35. In considering whether to grant a stay, the court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 426, 434. "The first two factors . . . are the most critical. *Id.* at 434. The court "consider[s] the last two factors if the first two factors are satisfied." *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020)

### 1. Irreparable Injury

If the petitioner fails to make a threshold showing of irreparable injury, "then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (per curium) (citing *Nken*, 556 U.S. at 433–34). Thus, the Court begins its analysis with the irreparable injury factor. "Irreparable harm involves 'intangible injuries' that cannot be adequately compensated through monetary damages." *Softball v. Cayton*, No. 5:20–CV–01661-EJD, 2020 WL 4349848, at *3 (N.D. Cal. July 29, 2020) (citing *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

Defendant contends that he will suffer irreparable harm absent a stay "because, if his permits are denied, he will be forced to rip out the structures," which, once removed, "will be more difficult if not impossible, to put back in should [Defendant] prevail on appeal, because [Plaintiff] will certainly argue at that point that putting in new structures is not grandfathered by the ordinance." (Doc. 64 at 15.) Defendant also claims that he will lose rental income if the waterslide is removed. (*See* Doc. 71 at 13.) Plaintiff counters that Defendant's alleged harm is not irreparable, as Defendant does not claim that "the [Contested Facilities] cannot be replaced or that the cost of replacement will cause him irreparable financial ruin." (Doc. 69 at 15.) Indeed, Plaintiff concedes that should Defendant prevail on appeal, "the effect would be that his [Contested Facilities] could be maintained without a permit without fear of violating the county ordinance," and Plaintiff "could not, in good faith, block reinstallation[.]" (*Id.*)

7

The Court finds that Defendant has failed to show that he will be irreparably injured if a stay pending appeal is not granted.  "[A]n injury is not considered irreparable where it is compensable in money damages." *In re Rice*, No. 8:20–BK–10275–CB, 2020 WL 2061776, at *2 (C.D. Cal. Apr. 29, 2020); *see also Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519 (9th Cir. 1984) ("[A] party is not entitled to a preliminary injunction unless he or she can demonstrate more than simply damages of a pecuniary nature.").  Both of Defendant's claimed harms are economic. Removal of the Contested Facilities can be adequately compensated through monetary damages. Defendant does not contend that the Contested Facilities, which consist of a slip dock, personal watercraft ports, and a waterslide, are unique in any way, such that money damages would be difficult to assess, or such that the Contested Facilities would be impossible to rebuild.  *Cf. Kammeyer v. United States Army Corps of Engineers*, No. EDCV15869JGBKKX, 2015 WL 12791408 (C.D. Cal. June 3, 2015) (in granting a temporary restraining order preventing the removal of a mural, the court found irreparable harm because "money damages would be difficult to assess for a large-scale, publically-displayed [sic] piece of artwork such as the Mural.").  As Plaintiff also acknowledges, Defendant would be free to rebuild the Contested Facilities without any interference by Plaintiff should he prevail on appeal.  (Doc. 69 at 15.)

Likewise, lost rental income does not constitute irreparable injury, as that income may be remedied through damages.  *See Myrtle St. Flats LLC v. City of Vallejo*, No. 2:17–CV–1662–JAM–KJN, 2017 WL 5754891, at *4 (E.D. Cal. Nov. 28, 2017) (finding the loss of rental income is not irreparable harm); *Gerber-Williams v. Aurora Loan Services, LLC*, No. C11–5393BHS, 2011 WL 2357644, at *2 (W.D. Wash. June 13, 2011) (same); *Park v. Wachovia Mortg., FSB*, No. 10CV1547–WQH–RBB, 2010 WL 5088826, at *2 (S.D. Cal. Dec. 7, 2010) (same); *Rhodes v. Wells Fargo Home Mortg., Inc.*, No. 09–CV–1042 W (CAB), 2009 WL 10672064, at *4 (S.D. Cal. June 3, 2009) (same).

Citing several out-of-circuit cases, Defendant asserts that money damages are not available because Plaintiff "has not offered to pay for the cost of rebuilding the [C]ontested [F]acilities, or for their lost rental income[.]"  (Doc. 71 at 13.)  The cases cited by Defendant, however, concern situations in which monetary damages were unavailable or insufficient as a matter of law to fully

compensate for the alleged harm. *See, e.g.*, *Oldebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) (finding irreparable harm because "[plaintiff] Odebrecht has no monetary recourse against a state agency like [defendant] FDOT because of the Eleventh Amendment."); *Bonds v. Heyman*, 950 F. Supp. 1202, 1215 n.15 (D.D.C. 1997) (finding irreparable harm in part because "the statutory cap on compensatory damages means that [the plaintiff] could never recover fully for her injuries, should they exceed that amount"). By contrast, here, Defendant claims that monetary damages are unavailable only because Plaintiff "has not offered to pay the cost[.]" (Doc. 71 at 13.) But Defendant has not asserted any legal bar to his seeking damages from Plaintiff for the cost of reinstalling the Contested Facilities and for lost rental income. *See Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation.")

In sum, Defendant has not demonstrated he will be irreparably injured if a stay is not granted. *See, e.g.*, *Gwitchyaa Zhee Corp. v. Alexander*, No. 4:18-CV-0016-HRH, 2021 WL 647378 (D. Alaska Jan. 29, 2021) (denying the defendants' motion for a stay pending appeal and finding no irreparable harm even if "[one of the defendants] has to relocate his business or if [the defendants] have to remove other fixtures and/or improvements from the land in question prior to the appeal being decided."). The Court will therefore deny Defendant's motion for a stay pending appeal.

### 2.   Likelihood of Success on the Merits

As the first factor—likelihood of success on the merits—is one of the two "critical" factors, *Nken*, 556 U.S. at 434, the Court will briefly address it. With regard to "likelihood of success on the merits," the movant "must show, at a minimum, that [it] has a substantial case for relief on the merits." *Lelva-Perez*, 640 F.3d at 968. This does not require the movant to show that it "is more likely than not that they will win on the merits," but only that success is a "reasonable probability," or a "fair prospect," or that "serious legal questions are raised." *Id.* at 967–68.

In the Motion, Defendant contends that he will prevail on appeal that this Court erred in finding Calaveras County Municipal Code Ordinance Number 2957 (the "Ordinance") retroactive and thus applicable to the Contested Facilities. (Doc. 64 at 14–15.) Defendant's brief, single-paragraph argument in support of his position, however, is insufficient to show that there is a

9

likelihood of success on appeal.  Defendant raises no new facts, nor does he contend that there was a misunderstanding or misapplication of the law.  Indeed, Defendant acknowledges that the Court applied the correct standard in determining whether the Ordinance is retroactive: "As the Court correctly noted, '[s]tatutes do not operate retroactively unless the legislative body enacting the measure clearly indicates its intent to do so.' [Citation.]" (Doc. 64 at 14.)  Not surprisingly, Defendant disagrees with the Court's finding of retroactivity based on the language of the Ordinance, asserting that the Court's reasoning "is hardly a slam-dunk argument[.]"  (*Id.*)  "[D]isagreement with the court is not sufficient to show that there is a likelihood of success on appeal." *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 557102, at *6 (N.D. Cal. Feb. 12, 2013); *see also O.W. Bunker Malta Ltd. v. M/V Trogir*, 2013 WL 12131370, at *2 (C.D. Cal. Feb. 1, 2013) ("In short, [the defendant] may disagree with the Court's ultimate conclusion, but disagreement alone does not establish a likelihood of success on the merits or even serious questions going to the merits of the case.").

For the first time in his reply brief in support of the Motion, Defendant states that he "also expects to argue [to the Ninth Circuit] that this Court lacked subject-matter jurisdiction in the first instance." (Doc. 71 at 11.)  "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000).  In any event, Defendant's four-sentence argument regarding jurisdiction, devoid any of citations to legal authority (*see* Doc. 71 at 11), does not constitute a "strong showing" that he is likely to succeed on appeal.  *Nken*, 556 U.S. at 434.[6]

Accordingly, the Court finds that Defendant has not demonstrated a likelihood of success on the merits.  As Defendant has failed to show both irreparable harm and likelihood of success—the two most critical *Nken* factors—his motion for a stay pending appeal will be denied.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Clarify or

---

[6] The Court also observes that Defendant did not list, in his notice of appeal, the order denying his motion to dismiss for lack of subject matter jurisdiction as an order of judgment that he was appealing.  (*See* Doc. 65.)

Amend Judgment and Order and for Stay of Part of the Judgment (Doc. 64) is GRANTED IN PART and DENIED IN PART as follows:

    1.    Defendant's motion to clarify the judgment is GRANTED insofar as it requests clarification that Defendant is entitled to seek judicial review of any denial of his permit application(s) in state court. The judgment (Doc. 63) is AMENDED as follows (amendment in italics):

> IT IS ORDERED, ADJUDGED AND DECREED that the Contested Facilities currently constitute public nuisances because they are unpermitted. Defendant will be afforded the opportunity to apply for encroachment permits from Plaintiff by submitting applications for each of the Contested Facilities on or before February 17, 2022. The Contested Facilities may be maintained only if Plaintiff approves the permit applications. Otherwise, the Contested Facilities must be removed from Tulloch Reservoir by: (1) 15 days after the date of denial of Defendant's permit application(s) *unless Defendant challenges that denial in the California courts, in which case the reviewing court shall determine whether the order requiring removal of the Contested Facilities by 15 days after the denial shall be stayed, should Defendant request a stay*, or (2) March 4, 2022, if no application is submitted by February 17, 2022.

    2.    Defendant's motion to stay the portion of the judgment requiring removal of the Contested Facilities pending appeal is DENIED.

IT IS SO ORDERED.

Dated: **June 7, 2022**                        /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE